UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRAMAINE E. MARTIN, | ) | CASE NO. 1:10 CV 1281 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF BOB REID, *et al.,* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Tramaine E. Martin filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Bob Reid, Cuyahoga County Jail Nurse Anna K., and Cuyahoga County Jail Physician John Doe. In the Complaint, Plaintiff asserts the Defendants were deliberately indifferent to his serious medical needs. He seeks $ 3,000,000.00 in damages.

**Background**

Mr. Martin was detained in the Cuyahoga County Jail in January 2010. He indicates he received a health assessment in the jail, at which time he informed medical personnel that he was a diabetic and had a small caliber bullet lodged in his buttocks. He states he reported to them that he was beginning to experience pain and numbness beginning in his lower back and extending down his leg. His medical records were requested from Huron Road Hospital.

In May 2010, Mr. Martin began to complain about increasing amounts of pain. He was seen

by Dr. Kapani who prescribed Acetaminophen and ordered x-rays to be taken. He was given another medical appointment one week later and was taken to this appointment in a wheelchair. He contends that Nurse Anna K. told him the x-rays were negative. Another nurse performed the intake procedures and told him to stop being dramatic. The Physician, Dr. Doe, indicated the report from his x-rays showed no fracturing or fragmenting. He claimed, in fact, that there was no evidence in his medical records of a gunshot wound. Dr. Doe informed him that the x-ray did reveal inflammatory arthritis. He prescribed 200 mg of Ibuprophen to be taken three times per day. Mr. Martin claims the treatment did not improve his condition. All requests for an outside consultation were refused. He was given an appointment with the Assistant Medical Director, Dr. Robinson, who ordered additional testing and prescribed Prednisone. Mr. Martin asserts that the Defendants violated his Eighth Amendment rights.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

§1915(e).

As an initial matter, there are no allegations in the Complaint against Sheriff Bob Reid. Mr. Martin indicates he filed a grievance with him but the Sheriff did not respond. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Responding to a grievance or otherwise participating in the grievance process is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Mr. Martin's Eighth Amendment claims against the remaining two Defendants must also be dismissed. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Martin fails to establish the subjective component of his claim. In order to establish a claim for inadequate medical care under the Eighth Amendment, Mr. Martin must demonstrate that the Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

There are no facts alleged in the Complaint that suggest the Defendants were deliberately indifferent to Mr. Martin's medical complaints. He reported he was in pain on May 5, 2010. He was seen by a physician that same day. X-rays were taken the following day, which showed arthritic inflamation. He was given Acetaminophen for pain. He complained on May 12, 2010 that he was in pain. Again, he was seen by a physician that same day. He contends Nurse Anna K. and others accused him of exaggerating his symptoms, but he was examined by a doctor who reviewed his medical records and ordered Ibuprofen for the inflammation. The following day, May 13, 2010, when he went to have his blood sugars levels checked, he complained about pain and was

reclassified to the infirmary pod. When he was still experiencing pain on May 17, 2010, he was seen by Dr. Robinson, the Assistant Director of the Medical Department. She ordered additional x-rays and added a steroid to his medications. The medical personnel may not have alleviated Mr. Martin's symptoms, but the level of care they provided is not suggestive of cruel and unusual punishment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                        /s/Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
Date: 9/23/10                       UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-